**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4889**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WEINTRAL DANIEL CURETON,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:09-cr-00432-HMH-1)

Submitted:  July 15, 2010        Decided:  August 20, 2010

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Kevin F. McDonald, Acting United
States Attorney, A. Lance Crick, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Weintral Daniel Cureton pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006). A presentence report was issued that classified Cureton as an Armed Career Criminal, and set his advisory guideline range at 168-210 months' imprisonment, which was well above the statutory maximum of 120 months' imprisonment that Cureton actually faced. Cureton did not object to the presentence report.

At Cureton's sentencing hearing, Cureton's counsel pointed out that the district court could sentence Cureton to "whatever sentence the court deems fit." Counsel also asked the court to "take into consideration" the fact that Cureton did not run from police when they attempted to arrest him on an outstanding warrant. However, at no point did counsel ever explicitly ask that Cureton receive a particular sentence, be sentenced within a particular range, or even request that he receive a sentence below the 120 month statutory maximum he faced.

When asked if he had anything to add to his attorney's statements, Cureton stated that he was "going through some hard times." He stated that he felt bad because he was unable to provide for his sick mother and the rest of his family, and that at the time he was arrested, he was planning to sell the gun in

his possession so that he could "provide for [his] family." While Cureton did ask the court for "mercy," he, like his attorney, failed to ask for a particular sentence, or to be sentenced within a particular range, or even for a sentence that was less than the 120 month statutory maximum.

After hearing from Cureton and his attorney, the district court stated:

> The [c]ourt has considered those factors under [18 U.S.C. § 3553(a)]. The [c]ourt has also considered the guidelines as advisory only. The [c]ourt believes that a [120 month] sentence is appropriate and will accomplish the purposes of the statute and considering the factors of this case.

The district court then proceeded to sentence Cureton to 120 months' imprisonment. Cureton appealed.

This court reviews preserved claims of procedural sentencing error for abuse of discretion, reversing any sentence based upon such an error, unless the error was harmless; however, unpreserved claims of procedural sentencing error are reviewed under the more rigorous plain error test. See United States v. Lynn, 592 F.3d 572, 575-79 (4th Cir. 2010). To preserve his claim that a district court committed a procedural sentencing error by inadequately explaining the reasoning for its sentence, a defendant must, at minimum, "draw[] arguments from § 3553 for a sentence different than the one ultimately imposed." Lynn, 592 F.3d at 578.

3

In other words, while a defendant is not necessarily required to "complain about a judicial choice after it has been made," he must, "inform[] the court . . . of the action [he] wishes the court to take." Id. at 577-78 (citing United States v. Bartlett, 567 F.3d 901, 910 (7th Cir. 2009); Fed. R. Crim. P. 51(b)) (emphasis removed). Applying this standard, we find that Cureton has failed to preserve his objection to the district court's explanation of his sentence. Accordingly, plain error review is appropriate.

To establish plain error, Cureton must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Cureton makes this three-part showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). Here, even assuming the district court's explanation of Cureton's sentence was inadequate, Cureton has failed to show that any error affected his substantial rights, or that affirming his sentence would "seriously affect[] the fairness, integrity or public reputation" of the justice system.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the issues are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED